## GREENSPAU v. AMERICAN STAR ORDER.

*(City Court of New York, General Term.* December 7, 1892.)

APPEAL—HARMLESS ERROR—SECONDARY EVIDENCE.

In an action against a mutual benefit society plaintiff need not prove the provisions of defendant's by-laws where the answer sets them forth, and his having done so by secondary evidence, without first laying the proper basis, is not available error.

Appeal from trial term.

Action by Hyman Greenspau against the American Star Order to recover benefits due upon the death of his wife. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before McGOWN, VAN WYCK, and McCARTHY, JJ.

*A. P. Wagener,* for appellant.  *A. H. Sarasohn,* for respondent.

VAN WYCK, J.  This action is by a member of the defendant, a benefit society, to recover a benefit of $500, due him upon the death of his wife. When plaintiff first became a member of the defendant he was single, but afterwards married.  The defendant's contention on this appeal is that plaintiff was allowed, against defendant's objection and exception, to prove by parol the provisions of the by-laws as regards death benefits as such member on the death of his wife, without first laying the proper basis for the introduction of secondary evidence as to the same.  But this cannot avail him, for it was not necessary to prove the by-laws at all, in view of the allegations of the seventh paragraph of the answer, which specifically set forth the requirements of the constitution, rules, and by-laws of defendant as regards the duties and rights of such a member, except as to the amount of the benefit due such member; and at folio 59 of the case defendant admitted that such member was entitled to $500 upon demise of his wife.  The plaintiff has proved by competent evidence that he has complied with all the requirements of the constitution and by-laws, as set forth in this paragraph of the answer. The plaintiff alleged that he presented to defendant on July 5, 1890, the physician's certificate of the good health of his wife, and, after admission by defendant of due notice to produce this certificate, and refusal to so produce, he was allowed to prove its contents by parol, and the question and answer at folio 30 shows that it stated that "she was well, and everything right," and this was sufficient; and, moreover, it would seem that the defendant is estopped from questioning this certificate, for it was duly proven by the financial secretary of defendant at folio 55 that plaintiff had paid dues as a single member before his marriage in 1890, and afterwards as a married man, and so continued to pay until his wife died, in February, 1891; that these dues as a married man were greater than as a single man; and that the same were accepted by the defendant, and receipted for by it.

This judgment should be affirmed, with costs.  All concur.